FILED
CLERK

12/29/2020 2:57 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DOROTHY MCHALE,

                        Plaintiff,

                  -against-

CHASE HOME FINANCE LLC,

                        Defendant.
-------------------------------------------------------------------X

For Online Publication Only

**ORDER**
17-CV-06089 (JMA)(AYS)

**AZRACK, United States District Judge:**

Pro se plaintiff Dorothy McHale ("Plaintiff"), commenced this action on October 18, 2017 against defendant Chase Home Finance LLC ("Chase"). (Compl., ECF No. 1 at 1, 3-4.)

In an order dated October 19, 2020, Plaintiff was directed to show cause, in writing, by November 19, 2020 why service upon Chase was proper and why, if this Court were to find that service was improper, the Court should grant Plaintiff an extension of time to properly serve Chase. Plaintiff was also warned that if she failed to respond to the Court's order, this action may be dismissed for failure to prosecute.

Plaintiff was mailed a copy of the order and, to date, has not submitted a response or communicated with the Court in any manner. For the reasons set forth below, the Court dismisses this action, without prejudice, for failure to prosecute and for failure to properly serve Chase.

## I. BACKGROUND

Plaintiff's complaint asserts claims against Chase for, inter alia, fraudulent concealment, negligent misrepresentation, and unfair competition under New York state law. Plaintiff's allegations concern the origination of the mortgage loan on her home and subsequent foreclosure proceedings that were brought against her in state court. (Compl., ECF No. 1 at 2-4; ECF No. 9

at 13-16; ECF No. 9-1 at 139-148.)   Plaintiff's complaint seeks damages and an injunction staying the sale of her property.

On October 30, 2017, Plaintiff filed with the Court an affidavit of service indicating that Chase was served with the summons and complaint. (Return of Service on Chase Home Finance, ("Service on Chase"), ECF No. 7 at 1.)  To date, Chase has not appeared to defend this action.

The affidavit of service states that process was served on Chase by Direct Process Server LLC.  According to the affidavit of service, Direct Process Server LLC "serv[ed] a CORPORATION by delivering a true copy of the SUMMONS IN A CIVIL AND COMPLAINT, to: Ronald Purcaro as Managing Agent for Chase Home Finance, at the address of 705 Smithtown Bypass, Smithtown, NY 11787 . . . . in compliance with state statutes." (Service on Chase, ECF No. 7 at 1.)

Chase is the only defendant named in the complaint and the only defendant for which a summons was issued by the Clerk of Court.   Nevertheless, on October 30, 2017, Plaintiff also filed an affidavit of service evidencing service of a summons and complaint on Michael Pinter, the individual who purchased Plaintiff's home at a foreclosure auction.  (Summons Returned Executed as to Michael Pinter ("Service on Pinter"), ECF No. 7-1 at 1; ECF No. 9 at 16.)  Direct Process Server LCC also attempted to serve Rosicki, Rosicki, & Associates ("Rosicki"), which appears to have represented Federal National Mortgage Association in the foreclosure action against Plaintiff.  (Summons Returned NOT Executed as to Rosicki ("Service on Rosicki"), ECF No. 7-2 at 1; ECF No. 9-1 at 150.)  However, the firm refused service because, inter alia, Rosicki was not named as a defendant in the complaint. (Service on Rosicki, ECF No. 7-2 at 1.)

On February 13, 2018, the Court ordered Plaintiff, who had not taken any further action on this case, to file a status report by March 16, 2018. When Plaintiff failed to respond to that order,

the Court issued a second order directing her to file a status report by April 20, 2018 and warned

her that failure to respond could result in dismissal of her case.  On April 19 and April 24, Plaintiff

filed responses to the April 20, 2018 order.

## II.  DISCUSSION

### A.  <u>Failure to Prosecute</u>

Federal Rule of Civil Procedure 41(b) provides, "[i]f the plaintiff fails to prosecute or to

comply with these rules or a court order, a defendant may move to dismiss the action or any

claim against it."  Fed. R. Civ. P. 41(b).  The district court also has the inherent power to dismiss

a case <u>sua</u> <u>sponte</u> for lack of prosecution or noncompliance.  <u>See</u> <u>Merker v. Rice, 649 F.2d 171</u>,

173–74 (2d Cir. 1981).  The Second Circuit considers five principal factors when reviewing a

district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice
> that further delays would result in dismissal, (3) whether the defendant is likely to
> be prejudiced by further delay, (4) whether the district judge has taken care to
> strike the balance between alleviating court calendar congestion and protecting a
> party's right to due process and a fair chance to be heard, and (5) whether the
> judge has adequately assessed the efficacy of lesser sanctions.

<u>Shannon v. Gen. Elec. Co.</u>, 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting <u>Nita v. Conn. Dep't of</u>

<u>Envtl. Prot.</u>, 16 F.3d 482, 485 (2d Cir. 1994)).  Generally, no single factor is dispositive.  <u>Id.</u> at

194.

Here, Plaintiff failed to respond to the Court's October 19, 2020 Order to Show Cause and

has not communicated with the Court since April 2018.  Additionally, the Court's October 19,

2020 Order to Show Cause warned Plaintiff that failure to respond could lead to dismissal for

failure to prosecute.  The Court concludes that, under the circumstances, dismissal of this action

is warranted.  Accordingly, this case is dismissed for failure to prosecute and noncompliance.

## B. <u>Service of Process</u>

### 1. Legal Standards

Federal Rule of Civil Procedure 4(h) provides that, unless otherwise provided by federal law or the defendant has filed a waiver, a corporation, partnership, or association must be served, "[i]n the manner prescribed by Rule 4(e)(1) " or by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) authorizes a party to effectuate service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

The applicable state law provides:

> (a)  Service of process on any domestic or foreign limited liability company shall be made delivering a copy personally to (i) *any member of the limited liability company* in this state, if the management of the limited liability company is vested in its members, (ii) *any manager of the limited liability company* in this state, if the management of the limited liability company is vested in one or more managers, (iii) *to any other agent authorized by appointment to receive process*, or (iv) *to any other person designated by the limited liability company to receive process*, in the manner provided by law for service of a summons as if such person was a defendant. Service of process upon a limited liability company may also be made pursuant to article three of the limited liability company law.

N.Y. C.P.L.R. § 311-a (McKinney 2019) (emphasis added)).  Service of process under "article three of the limited liability company law" authorizes service for an LLC on the secretary of state. N.Y. LTD. LIAB. CO. § 303 (McKinney 1999).

A process server's affidavit of service creates a presumption of proper service.  <u>Id.</u>; <u>see also</u> <u>Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.</u>, 301 F.3d 54, 57 (2d Cir. 2002). Additionally, a process server may reasonably rely on a corporation's employees to identify the

individuals authorized to accept service.  Id.

Where the defendant has not appeared in an action—in anticipation of an eventual motion for default judgment—a district court may inquire sua sponte into personal jurisdiction. Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213-214 (2d Cir. 2010) (affirming sua sponte dismissal of non-appearing defendant for lack of personal jurisdiction).

**2.  Analysis**

*i.  NY CPLR § 311-a*

Plaintiff's attempt to serve Chase under CPLR § 311-a was deficient.  The affidavit of service indicates that service was made on Ronald Purcaro ("Purcaro") as "Managing Agent" for Defendant, (Service on Chase, ECF No. 7 at  1).   This is insufficient  under  CPLR § 311-a. See Stuyvesant Fuel Serv. Corp. v. 99-105 3ʳᵈ Avenue Realty LLC, 745 N.Y.S.2d  680, 681 (N.Y. Civ. Ct. 2002) ("CPLR 311-a, which pertains to personal service on limited liability companies, does not authorize service upon an alleged 'managing agent' thereof."). Absent additional evidence showing that Purcaro is one of the permissible recipients for service identified in § 311-a, Plaintiff's service on Chase did not comport with § 311-a.[1]

*2. Fed. R. Civ. P. 4(h)(1)*

Service on Chase is also deficient under Rule 4(h)(1).  While service on a "Managing Agent" of Chase would be sufficient under Rule 4(h)(1)(B) for service of process on a limited liability company, Plaintiff has not established that Purcaro is, in fact, a "Managing Agent" of Chase under Rule 4(h)(1)(B). See Feng Lin v. Quality Woods, Inc., No. 17-CV-3043-DLI-SJB, 2019 WL 1450746, at *4 (E.D.N.Y. Jan. 28, 2019) ("The phrase 'managing or general agent'

---

[1]  Although CPLR § 311-a permits service on a "manager" of an LLC, such a manager is "a person designated by the members to manage the limited liability company as provided by the operating agreement." N.Y. LTD. LIAB. CO. LAW § 102(p) (McKinney 2019). There is nothing before this Court to suggest that Purcaro is such a "manager."

does not refer to any agent of the corporation, but one who operates at its highest levels, or at least has overall authority to make high-level decisions on the part of the enterprise.") (quoting Cooney v. Barry Sch. of Law, 994 F. Supp. 2d 268, 270 (E.D.N.Y. 2014)); see also Cooney, 994 F. Supp. 2d at 271 ("'Managing or general agent' is a term of art with a narrower meaning than just 'agent.' This narrower construction is consistent with the other listed categories of authorized persons to receive service, such as officers and directors.").

Under Rule 4(h)(1)(B), a "Managing Agent" is not a manager in the colloquial sense, and to hold otherwise would "essentially result in redefining the term 'managing agent' to mean any 'person of suitable age and discretion' employed by the defendant corporation." Feng Lin, 2019 WL 1450746, at *5 (quoting Colbert v. Int'l Sec. Bureau Inc., 437 N.Y.S. 2d 360, 363 (N.Y. App. Div. 1981)).

While an affidavit of a process server ordinarily creates a presumption of proper service, the affidavit of service for Chase is simply too conclusory to create a presumption of proper service.  This case is similar to Feng Lin, where the court found, inter alia, that the affidavits of service before it "contain[ed] insufficient facts upon which a presumption of correct service could be based."  Id. The affidavits at issue in Feng Lin simply stated that "Alsie 'Doe,' manager" received the Complaint, and the pre-printed form aver[red] that "deponent . . . knew said individual to be a managing agent . . . authorized to accept service." Id.  The court in Feng Lin found these affidavits insufficient, reasoning that "[h]ow the deponent knew that Alsie Doe was authorized to accept service and was an actual 'managing agent' is never stated," and concluding that "[t]his facial infirmity suggests service was not made to a person authorized to accept service." Id.  Plaintiff's affidavit of service—which asserts that Purcaro is a "Managing Agent" for Defendant but does not state the grounds for such belief—is similarly deficient and,

6

therefore, is not entitled to the presumption of proper service. (Service on Chase, ECF No. 7 at 1.) Additionally, there are also other reasons why the affidavit of service for Chase does not qualify for the presumption of proper service. The Court takes judicial notice that the address where Chase was served appears to be a local Chase branch, and there is little reason to believe that a "Managing Agent" for Chase Home Finance LLC under Rule 4(h)(1)(B) would be found at such a branch location. (Google Maps, https://maps.google.com (search 705 Smithtown Bypass, Smithtown, NY 11787) (last visited on December 20, 2020); see also Chase.com, https://locator.chase.com/ny/smithtown/705-smithtown-byp?jp_cmp=rb/LocalListings/aff/branch/na (last visited on December 29, 2020). It is very likely that Purcaro is simply a local manager of this Chase branch. Nothing in the affidavit of service indicates that Purcaro himself or another Chase employee provided any information to the process servicer to establish that Purcaro is a "Managing Agent" of Chase or is otherwise an appropriate recipient under Rule 4(h)(1). As such, the Court concludes that Chase was not properly served under Rule 4(h)(1)(B).[2]

For the reasons set forth above, the Court concludes that the affidavit of service for Chase is not entitled to the presumption of proper service and that Chase was not properly served. See Feng Lin, 2019 WL 1450746, at *6.

The Court's October 19, 2020 order also instructed Plaintiff to address why, if this Court were to find that service was improper, the Court should grant Plaintiff an extension of time to properly serve Chase. Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action

---

[2] The affidavit of service that Plaintiff filed concerning Michael Pinter also indicates other potential irregularities in service and provides the Court with further reasons not to apply the presumption of proper service here. Pinter is not named as a defendant and no summons was issued for him. Moreover, the affidavit of service for Pinter erroneously refers to him, at two points, as "Defendant."

without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As Plaintiff has not responded to the Court's order in any fashion, the Court finds no basis to extend the time for Plaintiff to properly serve Chase.  Plaintiff has not shown good cause for her failure to properly serve Chase within 90 days and the Court finds no reason to extend the time to complete proper service.

Accordingly, the Court dismisses Plaintiff's complaint for failing to properly serve Chase under Rule 4.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff's complaint, without prejudice, for:  (1) failure to prosecute; and (2) failure to properly serve Chase under Rule 4.

Although nothing herein should be construed as prohibiting Plaintiff from filing an appeal, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and thus, should Plaintiff seek leave to appeal in forma pauperis, such status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close this case and to mail a copy of this Order to Plaintiff.

**SO ORDERED.**

Dated: December 29, 2020
   Central Islip, New York

         _____/s/ (JMA)_____
         JOAN M. AZRACK
         UNITED STATES DISTRICT JUDGE